# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHLOE LUCERO,

      Plaintiff,

v.                                                          No. 2:19-cv-01064-RB-CG

UNITED STATES, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Complaint (Doc. 1), filed November 14, 2019, and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), filed November 14, 2019 ("Application"). For the reasons stated below the Court **GRANTS** the Application, **DISMISSES** this case **without prejudice**, **DENIES** the pending motions **as moot**, and **ORDERS** Plaintiff **to show cause** why the Court should not impose filing restrictions.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case . . . .

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $1,134.00; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $1,525.00; and (iv) Plaintiff has $2.00 in cash and $41.01 in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because her monthly expenses exceed her monthly income, she is unemployed, and she has very little money in cash and in bank accounts.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of [*in forma pauperis*] can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

The Complaint alleges that the "Office of the Attorney General and his assigned are violating" various provisions of the Constitution. (Doc. 1 at 1.) While the Complaint quotes portions of those provisions, it fails to state with any particularity what each of the unnamed

Defendants did to Plaintiff, when the Defendants committed those alleged unspecified actions, or how those actions harmed Plaintiff. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Court dismisses this case for failure to state a claim. It would be futile to allow Plaintiff an opportunity to amend her Complaint because the Court has recently explained to Plaintiff how to properly state a claim in this Court. *See Lucero v. Landis*, No. 2:18-cv-00788-RB-GBW, Doc. 11 at 4, (D.N.M. Nov. 8, 2018) (quoting *Nasious*, 492 F.3d at 1163). Plaintiff ignored the Court's explanation and filed a Complaint which fails to state a claim.

**Denial of Pending Motions**

In addition to her motion to proceed *in forma pauperis*, Plaintiff has 15 other motions pending in this case. They include motions to appoint counsel, to amend the motion to appoint counsel, to participate in the Court's electronic filing system, to enjoin Defendants, to vacate the appointment of a United States Magistrate Judge to this case and determine this matter with a panel of three judges, to waive the requirement that service be done by registered or certified mail, for the undersigned to recuse, and for subpoenas duces tecum. (Docs. 2; 4; 6–13; 16–19.) Because it is dismissing this case, the Court denies the pending motions as moot.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is

3

frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Plaintiff's first of four actions in the District of New Mexico asserted conclusory claims of violations of her constitutional rights and appeared to also seek criminal prosecution of defendants. *See Lucero v. Landis*, No. 2:18-cv-00788-RB-GBW. The Court dismissed the case for failure to state a claim and explained to Plaintiff that: "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.

The Court transferred Plaintiff's second action in the District of New Mexico to the District of Oregon because the District of New Mexico was not the proper venue for the action. *See Lucero v. Peace Health Med. Grp.*, No. 2:18-cv-00859-GJF (no allegations that any defendant resides in or that any events giving rise to the claim occurred in the District of New Mexico; events giving rise to the case occurred in Oregon). Two months after the case was transferred, Plaintiff filed a motion for reconsideration in the District of New Mexico. Four months after the case was

transferred Plaintiff filed a motion to appoint counsel. The Court entered an order denying both motions.

Plaintiff's third case in the District of New Mexico asserted conclusory allegations that the Federal Bureau of Investigation "engaged in a pattern of malicious conduct" against Plaintiff. *See Lucero v. Federal Bureau of Investigation*, No. 2:19-cv-00042-RB-KRS. The Court dismissed the action because Plaintiff did not meet her burden of showing that the Court had jurisdiction over the matter. After entry of final judgment, Plaintiff filed four motions to appoint counsel which the Court denied in three Memorandum Opinions and Orders.

This is the fourth case Plaintiff has initiated in the District of New Mexico. Despite the Court previously notifying Plaintiff that she must state with particularity what each Defendant did to her, when Defendants did it, how those actions harmed Plaintiff and what specific legal rights Plaintiff believes Defendants violated, Plaintiff filed the Complaint in this case which asserts only vague, conclusory allegations.

Plaintiff has ignored the Court's instructions regarding properly stating a claim and has repeatedly filed motions, which require the Court's attention, in cases that were no longer pending in the District of New Mexico. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case

other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*, unless:

1. A licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. The Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948–49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that

the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See In re Billy L. Edwards*, No. 15cv631 MCA/SMV, Doc. 5 (D.N.M. Nov. 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within 14 days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to ten pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter 14 days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

    **IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

(iii) The following pending motions are **DENIED as moot:**

   a. Motion to Appoint Counsel (Doc. 4), filed November 14, 2019.

   b. Motion to Amend Motion to Appoint Counsel (Doc. 6), filed November 22, 2019.

   c. Motion for Leave to Participate in the Court's Electronic Filing System (Doc. 7), filed November 22, 2019.

   d. Motion to Enjoin Defendants (Doc. 8), filed November 22, 2019.

   e. Motion for Leave Re Magistrate (Doc. 9), filed November 22, 2019.

   f. Motion for Leave of Service (Doc. 10), filed November 22, 2019.

   g. Motion to Recuse (Doc. 11), filed December 2, 2019.

   h. Motion to Enjoin United States (Doc. 12), filed December 2, 2019.

   i. Motion to Amend Enjoinment (Doc. 13), filed December 2, 2019.

   j. Motion for Subpoena Duces Tecum for The Portland Oregon Police Department (Doc. 16), filed December 2, 2019.

   k. Motion for Subpoena Duces Tecum as to F.B.I. (Doc. 17), filed on December 2, 2019.

   l. Motion for Subpoena Duces Tecum for Dona Ana County Sheriff's Department (Doc. 18), filed on December 2, 2019.

   m. Motion for Subpoena Duces Tecum for the Superior Court of California (Doc. 19), filed on December 2, 2019.

   n. Second Motion to Enjoy (Doc. 21), filed on December 2, 2019.

   o. Motion to Compel (Doc. 22), filed on December 2, 2019.

(iv) Within 14 days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect 14 days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE