**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHLOE LUCERO,

      Plaintiff,

v.                                                                              No. 2:19-cv-01064-RB-CG

UNITED STATES, et al.,

      Defendants.

**ORDER IMPOSING FILING RESTRICTIONS**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Objections to the Court's proposed filing restrictions. (*See* Doc. 25.)

After discussing the Court's power to impose filing restrictions, the Court described Plaintiff's abusive filing history:

> Plaintiff's first of four actions in the District of New Mexico asserted conclusory claims of violations of her constitutional rights and appeared to also seek criminal prosecution of defendants. *See Lucero v. Landis*, No. 2:18-cv-00788-RB-GBW. The Court dismissed the case for failure to state a claim and explained to Plaintiff that: "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).
>
> The Court transferred Plaintiff's second action in the District of New Mexico to the District of Oregon because the District of New Mexico was not the proper venue for the action. *See Lucero v. Peace Health Med. Grp.*, No. 2:18-cv-00859-GJF (no allegations that any defendant resides in or that any events giving rise to the claim occurred in the District of New Mexico; events giving rise to the case occurred in Oregon). Two months after the case was transferred, Plaintiff filed a motion for reconsideration in the District of New Mexico. Four months after the

> case was transferred Plaintiff filed a motion to appoint counsel. The Court entered an order denying both motions.
>
> Plaintiff's third case in the District of New Mexico asserted conclusory allegations that the Federal Bureau of Investigation "engaged in a pattern of malicious conduct" against Plaintiff. *See Lucero v. Fed. Bureau of Investigation*, No. 2:19-cv-00042-RB-KRS. The Court dismissed the action because Plaintiff did not meet her burden of showing that the Court had jurisdiction over the matter. After entry of final judgment, Plaintiff filed four motions to appoint counsel which the Court denied in three Memorandum Opinions and Orders.
>
> This is the fourth case Plaintiff has initiated in the District of New Mexico. Despite the Court previously notifying Plaintiff that she must state with particularity what each Defendant did to her, when Defendants did it, how those actions harmed Plaintiff and what specific legal rights Plaintiff believes Defendants violated, Plaintiff filed the Complaint in this case which asserts only vague, conclusory allegations.
>
> Plaintiff has ignored the Court's instructions regarding properly stating a claim and has repeatedly filed motions, which require the Court's attention, in cases that were no longer pending in the District of New Mexico. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases

(Doc. 23.) The Court set forth proposed filing restrictions and ordered Plaintiff to show cause why the Court should not impose those filing restrictions.

Plaintiff asserts eight Objections to the Court's proposed filing restrictions.

## Objection 1 – "Dismissal of Proceedings In Forma Pauperis"

Plaintiff's first Objection states: "The Court is premature in its finding, and unduly deprives the Plaintiff of Due Process" and "The Plaintiff's potential loss of life, or citizenship in deference to fiscal burdens is not a sensible argument; where she makes a good-faith showing." (Doc. 25 at 6.)

## Objection 2 – "Issues of Court's Competence"

Plaintiff objects to the Court's dismissal of this case before Defendants filed an answer because "the claim [in this case] clearly relates to issues of National Security" and "In none of the

2

cases which this Court cites do the plaintiffs claim such expertise, as we do here." (*Id.* at 7.)

**Objection 3 – "What Constitutes Sufficient Factual Matter"**

Plaintiff's third objection asserts that she "has sustained her burdens [of stating a claim] in pleading of deliberate acts of electoral fraud, based upon among other factors, psychological characteristics, and opponents of the {Regime.}" (*Id.* at 8.) Plaintiff indicates she can provide additional facts through discovery:

> The Plaintiff is in possession of roughly 130,000 personal [digital] journal entries (in some cases containing video, or photographic evidence, eg.) between the period of 2013-2019. Constituting approx. 22, 2" binders of physical material, weighing roughly one pound each. The Plaintiff is also in possession of equal amounts of scientific technical documents produced on behalf of the Defendants, historical records, and memos, etc. as they relate to this case. These materials exist in the form of a library, taking up about an entire room of the Plaintiff's home.

(*Id.*)

**Objection 4 – "Specificity of Detail"**

Plaintiff's fourth Objection asserts that it is not necessary to allege a conspiracy with sufficient detail. (*See id.* at 10.)

**Objection 5 – "Issue of Intent"**

Plaintiff's fifth Objection asserts that the Court "has dismissed the case without opportunity to answer to bills of particular pursuant to Rule 12(e) motion for more definite statement." (*Id.* at 11.)

**Objection 6 – "Intent as 'Abusive'"**

Plaintiff's sixth Objection asserts that the Court's characterization of Plaintiff's filing history as abusive "is not a correct finding" because:

> The Plaintiff made several substantive claims in malformed Subpoena Duces Tecum's for Persons in the Attorney General's employ; which could be interpreted as Bills of Particular; where dates, case numbers, time, and place requirements are satisfied … It was the Plaintiff's intent to move the language out of the Subpoena

3

>and into a separate document, which was interrupted by Agents of the attorney General's Office . . . . It was in so drafting these Particular when Plaintiff was interrupted in her home on the afternoon of November 23, 2019 by U.S. Marshals while this complaint was still before the Court.

(*Id.* at 12.) Plaintiff states, without explanation, that "the enforcement of proposed restrictions without further review, would constitute a gross injustice." (*Id.* at 13.) Plaintiff also states she suffered a "head-injury in 2016" which makes communication difficult.

### Objection 7 – "Without Any Alternative Means of Recourse"

Plaintiff's seventh Objection states "the Plaintiff has been left without any alternative means of recourse for persistent threats to her life." (*Id.* at 15.)

### Objection 8 – "Qualified, Executive, Military Privilege(s)"

Plaintiff's eighth Objection states:

>Even in the face of potential assertions, raised potentially ex-parte, in camera by the Defendants of Qualified, or Executive, or Military Privilege(s), the Plaintiff reaffirms that these acts have been executed in violation of the internal regulations of the United States, where "…A reckless enemy often leaves to his opponent no other means of securing himself against the repetition of barbarous outrage." *Article 27, General Order 100*, The reckless acts of this Regime have been ceaseless; improper under Articles 11 supra, where it concerns cruelty, and bad faith concerning engagements; as well as Articles 22 & 23, where it concerns offenses against unarmed, and private citizens.

(*Id.* at 16.)

### Conclusion

The Court overrules Plaintiff's Objections because they, for the most part, do not address Plaintiff's abusive filing history or the Court's proposed filing restrictions. Most of the Objections assert that the Court's dismissals of Plaintiff's cases were improper but do not show that the Court's rulings were contrary to law. The Court's dismissals for failure to state a claim and for lack of jurisdiction, and the Court's proposed filing restrictions, are based on the Federal Rules of Civil Procedure, Tenth Circuit precedent and federal statutes. The Court is bound by and cannot

disregard the Federal Rules of Civil Procedure, Tenth Circuit precedent and federal statutes. *See Okla. Radio Assoc. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Plaintiff has not cited any legal authority that would allow the Court to disregard the Federal Rules of Civil Procedure, Tenth Circuit precedent, and federal statutes.

Having overruled all of Plaintiff's Objections, the Court imposes the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that she submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948–49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, her claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that she will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve

Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

    **IT IS SO ORDERED.**

                                              _____
                                              ROBERT C. BRACK
                                              SENIOR U.S. DISTRICT JUDGE